PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NELSON GUERRERO, | ) | CASE NO. 4:09-CV-00071 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE ECONOMUS |
| v. | ) | |
| | ) | MAGISTRATE JUDGE PEARSON |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |

Before the Court is Defendants Dr. Aiad Toss and Daniel Hall's ("Defendants") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 26. The matter is before the undersigned Magistrate Judge pursuant to a referral order from District Judge Peter C. Economus "for general pretrial supervision, including all Motions." ECF No. 5. Based upon the record and applicable law, the undersigned Magistrate Judge recommends granting Defendants' Motion for Summary Judgment.

**Overview**

The instant matter, alleging a violation of 42 U.S.C. § 1983, involves a dispute over whether Defendants violated the Eighth Amendment by acting with deliberate indifference towards Plaintiff Nelson Guerrero's ("Guerrero") serious medical needs. Guerrero, who is a federal inmate incarcerated at the Northeast Ohio Correctional Center ("NEOCC") that is owned and operated by Corrections Corporation of America, Inc. ("CCA") in Youngstown, Ohio, claims

(4:09-CV-00071)

that the treatments recommended and administered by the prison medical staff have failed to cure his foot infection and that he requires an examination by a specialist or further testing. Specifically, Guerrero claims to be suffering from a serious foot fungus or infection that requires a dermatologist to examine his feet or a laboratory analysis of the damaged skin from his feet. Defendants maintain that Guerrero's claims do not rise to the level of an Eighth Amendment violation and that Guerrero failed to exhaust the available administrative remedies prior to filing suit in Federal Court.

For the reasons that follow, the undersigned recommends granting Defendants' Motion for Summary Judgment because Guerrero has failed to demonstrate a material fact dispute that requires a resolution by trial on the question of whether Defendants inflicted cruel and unusual punishment upon Guerrero pursuant to his Eighth Amendment claim.

**Background and Procedural History**

On January 12, 2009, Plaintiff Nelson Guerrero filed *pro se* the instant matter alleging Defendants' deliberate indifference to his serious medical needs that constitutes cruel and unusual punishment under the Eighth Amendment, *via* 42 U.S.C. § 1983. ECF No. 1 at 4. Guerrero named six defendants in the Complaint: 1) Corrections Corporation of America; 2) Joseph Gunja, warden; 3) Aiad Toss (facility physician); 4) Dana Orenic (health services administrator); 5) Daniel Hall (physician assistant); and 6) Medical Staff. ECF No. 1 at 1 & 3. On April 23, 2009, District Judge Economus ordered "the claims against Corrections Corporation of America, Joseph Gunja, 'Medical Staff' and Dana Orenic are dismissed pursuant to 28 U.S.C. §1915(e)." ECF No. 4 at 4.  Judge Economus further ordered that "[t]he case shall proceed

(4:09-CV-00071)

solely on the claims against Dr. Aiad Toss and Daniel Hall." ECF No. 4 at 4.

Guerrero alleges that not long after his transfer to NEOCC, he began to suffer "some kind of serious infection" on his feet. ECF No. 1 at 6. He alleges that Dr. Toss refused to examine him for twenty-two months, but during that time the nurses and the physician assistant, Daniel Hall, from the medical clinic provided "at least 10 different antifungal creams [and] [V]aseline, but none of [these] treatments" cured his foot condition. ECF No. 1 at 6. Guerrero also claims that during the same twenty-two month period, he repeatedly requested an examination by a dermatologist and a laboratory analysis of his infection. ECF No. 1 at 6. The prison did not approve Guerrero's requests. Guerrero contends that he has suffered from the foot infection "more than 22 months due to [Dr. Toss and Mr. Hall's] deliberate indifference [to a serious medical need], and that is a violation of my rights and privileges." ECF No. 1 at 6. Guerrero seeks unspecified compensatory and punitive damages. *See* ECF No. 1 at 9.

On September 8, 2009, Dr. Toss examined Guerrero and reviewed his medical file. ECF Nos. 19 at 3; 25 at 2; & 26-1 at 6. Dr. Toss concluded that Guerrero suffers from *tinea pedis*, *a.k.a.*, athlete's foot, and informed him an examination by a dermatologist and laboratory analysis were not necessary. ECF Nos. 25 at 2 & 26-1 at 7.

On December 9, 2009, Defendants filed their Motion for Summary Judgment to which Guerrero responded on December 28, 2009. ECF Nos. 26 & 28. On January 11, 2010, Defendants filed their reply to Guerrero's opposition. ECF No. 30. Thus, the Motion for Summary Judgment has been fully briefed and is ripe for consideration.

(4:09-CV-00071)

## Summary Judgment Standard

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. When considering a motion for summary judgment, "the inferences to be drawn from the underlying facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions] must be viewed in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the adverse party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Rule 56 requires the nonmoving party who has the burden of proof at trial to oppose a proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). General averments or conclusory allegations of an affidavit do not create specific fact disputes for summary judgment purposes. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990). Nor may a party "create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts . . . earlier deposition testimony." *Reid v. Sears Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) (*citing Biechell v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984)); *but see Baer v. Chase*, 392 F.3d 609, 623-26 (3d Cir. 2004) (noting that a so-called "sham" affidavit need not be disregarded if there is "independent evidence in the record to bolster [the] otherwise questionable affidavit"). Further, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there

-4-

(4:09-CV-00071)

must be evidence on which the jury could reasonably find for the plaintiff.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (*quoting Anderson v. Liberty Lobby*, 477 U.S. at 252).

In sum, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. at 250.  Put another way, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

## Analysis

### I.  The Proper Defendants Before the Court

As discussed above, on April 23, 2009, Judge Economus ordered "the claims against Corrections Corporation of America, Joseph Gunja, 'Medical Staff' and Dana Orenic are dismissed pursuant to 28 U.S.C. §1915(e)."  ECF No. 4 at 4.  Judge Economus further ordered that "[t]he case shall proceed solely on the claims against Dr. Aiad Toss and Daniel Hall."  ECF No. 4 at 4.  The following individuals and entity have moved the Court for summary judgment: Corrections Corporation of America, Joseph Gunja, Aiad Toss, Dana Orenic, Daniel Hall, and Medical Staff.  ECF No. 26 at 1.  Additionally, the Motion for Summary Judgment

(4:09-CV-00071)

contains two arguments titled: "B. Defendant Gunja was Not Involved in Plaintiff's Medical Care" and "C. Defendant Gunja and Defendant Orenic's Supervisory capacity Does Not Trigger Eighth Amendment Liability." ECF No. 26 at 14-16.

The Court considers only the arguments concerning the defendants who remain in the case, *i.e.*, those against whom a case or controversy exists – Dr. Aiad Toss and Daniel Hall.

## II. Exhaustion of Administrative Remedies

Defendants Toss and Hall argue that Guerrero failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act and, as a result, prematurely filed the instant suit in federal court entitling Defendants to summary judgment. The undersigned disagrees.

### A. The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA") states in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA "applies to prisoners held in private facilities." *Boyd v. Corrections Corp. of America, et al.*, 380 F3d. 989, 994 (6th Cir. 2004). Thus, for a prisoner to exhaust all available administrative remedies, he or she must follow the procedures and policies of the facility in which he or she is housed. *See e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion.").

In order to determine whether Guerrero has satisfied the PLRA exhaustion requirement,

(4:09-CV-00071)

the Court reviews the prison's administrative remedies in conjunction with Guerrero's

allegations in the Complaint, and supporting documentation attached to both parties' briefs.

### B. The Prison's Grievance Policy

Defendants summarized the facility's four-step *formal grievance policy* as well as

attached a copy of the entire grievance policy to their motion. ECF Nos. 26 at 23 & 26-4 at 4.

Rather than reiterate portions of the policy that are not at issue, the Court focuses on the crux of

the dispute: a) whether Guerrero properly attempted to *informally resolve* his grievance before

submitting a *formal* grievance, and b) whether the facility's informal grievance policy had

become effective at the time Guerrero submitted his formal grievance.

**a.**

Defendants contend that "in order to properly exhaust the administrative remedies

available to him, [Guerrero] first needed to attempt to informally resolve his complaint. He did

not." ECF No. 30 at 4. Defendants set forth that the informal grievance policy requires prisoners

to first attempt to informally resolve problems and then, within seven days, file their formal

grievance with the grievance officer. ECF No. 26 at 24 (*citing* ECF No. 31-1 at 5, Affidavit of

Jillian Shane, Facility Grievance Officer). It is undisputed that Guerrero submitted his formal

grievance on September 22, 2008. ECF No. 1-1 at 6. What is disputed is when Guerrero made

an *informal* attempt to resolve his problem.

Defendants contend that Guerrero last attempted an informal resolution in May 2008[1],

which is clearly outside the seven-days within which to file a formal grievance. ECF Nos. 26 at

---

[1] Defendants submitted copies of the May 2008 informal attempt at resolution.

-7-

(4:09-CV-00071)

24, 26-4 at 51, 31-1 at 4.  In his response, Guerrero argues that he informally attempted to resolve

his problem with Dana Orenic on September 2, 2008, who then responded to the informal request

on September 19, 2008.[2]  ECF No. 28-1 at 3.  This attempt at informal resolution would render

Guerrero's September 22, 2008 formal grievance timely, *i.e.*, he filed a formal grievance within

seven days of an informal resolution attempt.  Defendants did not respond to this argument in

their reply, but noted the September 2, 2008 informal attempt at resolution in the "Medical

History" section of their motion for summary judgment.  ECF No. 26 at 10.

**b.**

Guerrero claims that the prison's informal grievance policy was not effective on

September 22, 2008, the date he submitted his formal grievance.  In his Response, Guerrero

argues that the "alleged 'Informal resolution' on that dtae [sic], DID NOT EXIST WITHIN THE

NEOCC POLICY."  ECF No. 28 at 6 (Emphasis in original).  Guerrero asserts that a case

manager from the institution communicated to him *via* an "Inmate Request To Staff Member"

form that the "'informal resolution process'[] became effective and mandatory" on October 14,

2008.  ECF No. 28 at 6.  Guerrero attached a copy of the form to his Response.  ECF No. 28-1 at

2.  Defendants contend that the informal grievance policy was "in place at the time [Guerrero]

submitted his [formal] grievance," *i.e.* on September 22, 2008.  ECF No. 30 at 4.  Defendants

submitted a copy of the grievance policy that shows a facility effective date of March 30, 2007,

as well as the Affidavit of Jillian Shane wherein she states the same effective date.  ECF No. 30-

1 at 2 & 5.  This evidence is decidedly contradictory, but the more relevant question is whether

---

[2]  Guerrero submitted a copy of the September 2, 2008 informal attempt at resolution.

-8-

(4:09-CV-00071)

the contradiction creates a genuine issue of *material* fact.

A genuine issue of material fact exists only when there is sufficient evidence "such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).*  Because the undersigned finds no evidence substantiating an Eighth Amendment violation, whether Guerrero properly exhausted his administrative remedies is not material because there is not sufficient evidence upon which a trier of fact may return a verdict for Guerrero, the non-moving party, on the underlying claim.  In other words, even assuming Guerrero exhausted his administrative remedies he still has not established the requisite elements of  his Eighth Amendment claim, as explained below.

### III.  Guerrero's Eighth Amendment Claim

Defendants argue that Guerrero's Eighth Amendment claim does not rise to the constitutional level of deliberate indifference.  Defendants assert that the Complaint "alleges only a difference of opinion in the type of medical treatment to be rendered [and that] it fails to establish a constitutional violation sufficient to trigger liability."  ECF No. 26 at 18.  Guerrero claims the "medical staff has handled my serious medical condition in my feet sole with totally deliberate indifference."  ECF No. 28 at 3.  He further claims that Defendants have "denied me the access to receive a laboratory analysis of my feet sole (a sample) and refused to refer me with a specialist dermatologist in order to examinate [sic] and find the real kind of infection that I have in my feet sole and to provide a diagnostic to receive the adequate treatment."  ECF No. 28 at 3.

-9-

(4:09-CV-00071)

**A.  Standard of Law**

Whether Defendants acted deliberately indifferent toward Guerrero's medical needs is a mixed question of law and fact that requires the evaluation of Defendants' conduct against the legal standard of deliberate indifference.  *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999) (*en banc*).  "The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medial needs." *Blackmore v. Kalamazoo County, et al.*, 390 F.3d 890, 895 (6th Cir. 2004), *reh'g denied* March 2, 2005) (*citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official's deliberate indifference violates a prisoner's Eighth Amendment right when "the indifference is manifested by prison doctors in their response to the prisoners needs or by . . . intentionally denying or delaying access to medical care" for a serious medical need.  *Estelle*, 429 U.S. at 104-05.

An Eighth Amendment claim for denial of medical care contains both an objective and subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).  Both must exist for an Eighth Amendment claim to prevail.  The objective component requires the existence of a "sufficiently serious" medical need.  *Farmer*, 511 U.S. at 834; *Estelle*, 429 U.S. at 104; *Blackmore*, 390 F.3d at 895.  "To satisfy the subjective component the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk, " in this case, deliberate indifference to inmate health.  *Comstock v.*

(4:09-CV-00071)

*McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (*citing Farmer*, 511 U.S. at 837).

### 1.   "Sufficiently Serious" Medical Need — Objective Component

"[O]ther circuits hold that a medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897 (internal citations omitted).  The Sixth Circuit, in addition to district courts within this Circuit, has evaluated the seriousness of an inmate's medical needs under the "obviousness" approach as well.  *Id.* (internal citations omitted).  The "obviousness" standard "is distinct from a separate branch of Eighth Amendment decisions where the seriousness of a prisoner's medical needs 'may also be decided by the effect of delay in treatment.'" *Id.* (internal citations omitted).  These types of decisions can involve the following types of inmate claims: delay in treatment that caused injury, *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994); claims based on a determination by medical staff that medical treatment was unnecessary, *see, e.g.*, *Smith v. Franklin County*, 227 F.Supp.2d 667, 677-78 (E.D. Ky. 2002); claims based on the adequacy of treatment, *Bright v. Martin*, 37 Fed. Appx. 136, 2002 WL 818298 (6th Cir. 2002); whether delay in providing medical care was harmless, *Craw v. Gray*, 159 F.Supp.2d 679 (N.D. Ohio 2001); or where the inmate had a "very minor injury for which many people outside prison would not even think of seeking outside medical treatment." *Blackmore*, 390 F.3d at 898 (*citing Nickens v. Anderson*, 56 Fed.Appx. 244, 245, 2003 WL 344214 (6th Cir. 2003); *Wright v. Taylor*, 79 Fed.Appx. 829, 2003 WL 22474614 (6th Cir. 2003) (decaying tooth); *Lawless v. Muskingum County*, 36 Fed.Appx. 192, 2002 WL 1272120 (6th Cir. 2002) (knee injury for which

-11-

(4:09-CV-00071)

it was merely "preferable" that plaintiff receive treatment); *Jennings v. Al-Dabagh*, 275 F.Supp.2d 863 (E.D.Mich. 2003) (foot infection from which plaintiff suffered "minor discomfort")).

In *Napier v. Madison County*, the Sixth Circuit held that "'[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'"  *Napier*, 238 F.3d at 742 (*quoting Hill*, 40 F.3d at 1188).  In *Blackmore*, the Sixth Circuit summarized *Napier* as follows:

> [T]he "verifying medical evidence" requirement is relevant to those claims involving minor maladies or non-obvious complaints of a serious need for medical care. *Napier*, which was relied upon by the district court, falls within this branch of decisions. In a word, *Napier* does not apply to medical care claims where facts show an obvious need for medical care that laymen would readily discern as requiring prompt medical attention by competent health care providers. *Napier* applies where the plaintiff's "deliberate indifference" claim is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious.  In such circumstances, medical proof is necessary to assess whether the delay caused a serious medical injury.

*Blackmore*, 390 F.3d 898 (*citing Napier*, 238 F.3d at 742).

In the instant case, Guerrero maintains not long after his transfer to NEOCC, he began to suffer "some kind of serious infection" on his feet.[3]  ECF No. 1 at 6.  He admits that the medical staff, including nurses and primarily Defendant Hall, provided him with "at least 10 different antifungal creams [and] [V]aseline" during a twenty-two month period.  ECF No. 1 at 6.  Dr.

---

[3]  Defendants submitted medical records pertaining to Guerrero's foot problems dating back to approximately June 28, 2004, while Guerrero was incarcerated at FCI Fort Dix.  *See* ECF Nos. 26 at 6 & 26-1 at 11-20.

-12-

(4:09-CV-00071)

Toss examined Guerrero — albeit thirty months after Guerrero began complaining and after the filing of the instant suit — and instructed him to continue using his prescription medications, improve his efforts to keep his feet dry and purchase antifungal foot powder at the prison's commissary based upon a diagnosis of *tinea pedis* (athlete's foot).  ECF No. 26-1 at 7 (Affidavit of Dr. Toss).  Throughout this thirty month period, Guerrero continued to insist upon an examination by a dermatologist and laboratory analysis.  ECF No. 28 at 4.

Because the prison medical staff, including Dr. Toss, has treated Guerrero's foot problem (diagnosed as athlete's foot) numerous times, his claim is appropriately categorized as a delay in treatment, a claim based on the adequacy of treatment, or a claim involving a minor or non-obvious malady, as opposed to evaluating his claim under the "obviousness" approach.  According to the Sixth Circuit, Guerrero "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Napier*, 238 F.3d at 742 (*quoting Hill*, 40 F.3d at 1188).  Guerrero has not done so.

He states in his Complaint and subsequent pleadings that his foot problem continues to worsen, but has not offered any medical evidence supporting that fact.  Guerrero acknowledged the lack of evidence in his response to Defendant's motion for summary judgment.  He stated, "Plaintiff is a federal inmate and not a dermatologist . . . it is absurd that I [would be] able to present the physical evidence of my injuries and damages [that] I suffer in my feet [], that kind of evidence can only be obtained" by a dermatologist or laboratory analysis, "but this access has been malicious[ly] denied by the defendants." ECF No. 28 at 4.  However, Guerrero could have submitted his own medical records showing the care he received at the prison during the past

-13-

(4:09-CV-00071)

thirty months and the progression of his ailment or he could have deposed any of the medical

staff or defendants along with submitting witness affidavits. Guerrero has not placed any

verifying medical evidence in the record that establishes a detrimental effect caused by an alleged

delay in, or adequacy of, medical treatment.

While Guerrero may disagree with the Defendants' decision not to refer him to a

dermatologist or perform a laboratory analysis of his infection, the record reflects that he

received regular medical care regarding his foot problems. The undisputed facts reflect that he

cannot show that such care evidenced deliberate indifference to his medical needs. Guerrero's

dispute lies solely with the adequacy and course of treatment prescribed. Such a dispute does not

rise to the level of an Eighth Amendment claim when a prisoner is simply second guessing and

disagreeing with medical judgments. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir.

1976); *see also Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir.1996) ("The Plaintiff's complaints

go to the adequacy of the medical care; they do not raise an issue of unnecessary and wanton

infliction of pain as required under *Estelle*. They were not deliberately indifferent to a serious

medical need of the Plaintiff."); *Sharpe v. Patton*, 2010 WL 227702, * 11 (E.D. Ky. Jan. 19,

2010); *Birdsong v. Bishop*, 2008 WL 5135325, * 16-17 (E.D. Ky. Nov. 26, 2008); *Warman v.

H.J. Marberry, T.K.*, 2008 WL 2745170, * 9 (E.D. Mich. July 14, 2008); *Jennings v. Al-Dabagh*,

275 F.Supp.2d 863, 870 (E.D. Mich. 2003); *Alexander v. Fed. Bureau of Prisons*, 227 F.Supp.2d

657, 666 (E.D. Ky. 2002).

Accordingly, under these facts and the relevant case law, Guerrero has not offered

evidence to establish a genuine issue of material fact concerning the objective component of his

-14-

(4:09-CV-00071)

Eighth Amendment claim. Therefore, as a matter of law, his Eighth Amendment claim fails.

## 2. "Sufficiently Culpable State of Mind" — Subjective Component

As mentioned above, Guerrero must also satisfy the subjective component of an Eighth Amendment claim to be successful. To satisfy the subjective component, a plaintiff must show that "the prison official possessed 'a sufficiently culpable state of mind in denying medical care.'" *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (*quoting Blackmore*, 390 F.3d at 895). "[T]he plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (*citing Farmer*, 511 U.S. at 837). In other words, "[t]he official's conduct 'must demonstrate deliberateness tantamount to an intent to punish.'" *Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1993) (*quoting Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988)). "Furthermore, although the Supreme Court has found that deliberate indifference to serious medical needs of prisoners does constitute an 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment, the fact that a prisoner disagrees with a course of treatment that was prescribed, or even that the treatment he did receive was negligently administered, does not rise to a constitutional violation." *Jennings*, 275 F.Supp.2d at 870 (*quoting Estelle*, 429 U.S. at 105-06).

The medical records and Dr. Toss' affidavit submitted by Defendants show no subjective awareness by Defendants that Guerrero's foot problem demanded immediate or additional medical attention. There is no evidence submitted by either party demonstrating that Defendants

-15-

(4:09-CV-00071)

deliberately ignored Guerrero's medical needs with the intent to inflict pain or continue any

suffering.  The medical records demonstrate otherwise.  The records reflect that Defendants

treated Guerrero numerous times and provided hygiene instructions, medicine and topical

solutions to relieve his condition.

Guerrero claims that because his problem has not been cured, the medical staff "has

be[e]n negligent and ignore my medical needs and . . . I have suffer[ed] this kind of infection

[for] more than 22 months due to [Defendants] deliberate indifference."  ECF No. 1 at 7.

Guerrero claims that this "is a violation of my rights and privileges."  ECF No. 1 at 7.  Guerrero

essentially complains that Defendants did not do enough to cure his athlete's foot and the

associated symptoms that, based upon the evidence, continue to fluctuate in degree of

discomfort.  This speaks to adequacy of treatment and would constitute at most an action for

medical malpractice.  *See Westlake v. Lucas*, 537 F.2d at 860 n.5 ("Where a prisoner has received

some medical attention and the dispute is over the adequacy of the treatment, federal courts are

generally reluctant to second guess medical judgment and to constitutionalize claims which

sound in state tort law.").  "It is not the province of the Court to second guess medical judgments

for purposes of deliberate indifference claims."  *Warman*, 2008 WL 2745170 at * 8.  Nor is it the

province of this Court to prescribe medical consultations and laboratory tests that a physician has

determined unnecessary.

Guerrero has failed to prove that Defendants possessed a sufficiently culpable state of

mind in denying his requests for a dermatological evaluation and laboratory analysis.

Accordingly, under these facts and the relevant case law, Guerrero has not offered evidence to

(4:09-CV-00071)

establish a genuine issue of material fact concerning the subjective component of his Eighth

Amendment claim.  Accordingly, that claim must fail, as a matter of law.

### Conclusions and Recommendation

For the reasons provided above, the undersigned construes the motion for summary

judgment relative to the defendants against whom a case or controversy exists –  Dr. Aiad Toss

and Daniel Hall – and recommends granting Defendants Dr. Aiad Toss and Daniel Hall's Motion

for Summary Judgment pursuant to Rule 56, ECF No. 26, and dismissing Plaintiff Nelson

Guerrero's Complaint with prejudice in its entirety.

This case is terminated from the docket of the undersigned Magistrate Judge.


  May 28, 2010                                              s/ Benita Y. Pearson
Date                                                     United States Magistrate Judge


### OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See United States v. Walters, 638 F.2d 947 (6th Cir. 1981); see also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).*

-17-